IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER TORRES,

    Plaintiff,

vs.                                                                                       No. CIV 24-0564 JB/JFR

ALISHA TAFOYA and PROBATION AND
PAROLE

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Complaint, filed June 5, 2024 (Doc. 1)("Complaint"). The Honorable John Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Plaintiff Torres to pay the $405.00 civil filing fee or, alternatively, to file a motion to proceed in forma pauperis, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiency, filed October 8, 2024 (Doc. 3)("Cure Order"). Because Torres has not complied with the Cure Order, and having reviewed the applicable law and the record, the Court dismisses this case without prejudice.

## BACKGROUND

In his Complaint, Torres alleges that his incarceration constitutes slavery; prison officials inappropriately transfer Torres to the Guadalupe County Correctional Facility ("Guadalupe Correctional"); and Torres' conditions of confinement otherwise violate the Eighth Amendment of the Constitution of the United States. See Complaint at 1-3. Torres did not prepay the $405.00 filing fee when he filed the Complaint; nor did he file a motion to proceed in forma pauperis. On June 5, 2024, the Clerk's Office mailed Torres a blank motion to proceed in forma pauperis. See Staff Note Docket Entry, June 5, 2024. Torres did not return a completed motion.

The Court referred this matter to Magistrate Judge Robbenhaar for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed June 6, 2024 (Doc. 2). By the Cure Order entered October 8, 2024, Magistrate Judge Robbenhaar fixed a deadline of November 7, 2024, for Torres to prepay the $405.00 filing fee or, alternatively, to submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period. See Cure Order at 1. The Cure Order warns that the failure to comply timely may result in dismissal of this case without further notice. See Cure Order at 1.

Torres has not paid the filing fee or filed a motion to proceed in forma pauperis by the November 7, 2024, deadline, or otherwise. Torres has not shown cause for such failure or otherwise responded to the Cure Order. The Court, therefore, will consider whether to dismiss this matter for failure to prosecute and for failure to comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with

the rules of civil procedure or court orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Torres has not paid the $405.00 filing fee or filed a motion to proceed in forma pauperis, as the Cure Order and 28 U.S.C. § 1915 require.  In light of this failure, the Court will dismiss the Complaint pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, the dismissal is without prejudice,

**IT IS ORDERED** that: (i) Plaintiff's Complaint, filed June 5, 2024 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Christopher Torres
Santa Rosa, New Mexico

    *Plaintiff pro se*

- 4 -